# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**LYNX SYSTEM DEVELOPERS,**
**INC.,** *et al.***,**

      **Plaintiffs,**

                                  Civil Action 2:17-mc-43
                                  Judge George C. Smith
      v.                            Magistrate Judge Chelsey M. Vascura

**ZEBRA ENTERPRISE SOLUTIONS**
**CORPORATION,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendants', Zebra Enterprise Solutions Corporation, Zebra Technologies Corporation, and ZIH Corp. (collectively, "Defendants"), Motion to Quash Plaintiffs' Subpoena to the Ohio State University and Supporting Memorandum. (ECF No. 1.) Defendants ask the Court to quash the June 5, 2017 subpoena that Plaintiffs, Lynx System Developers, Inc. and IsoLynx, LLC (collectively, "Plaintiffs"), served on The Ohio State University, a third-party, to the extent the subpoena seeks Defendants' confidential technical information subject to pending motions before the District of Massachusetts, in *Lynx System Developers, Inc., et al. v. Zebra Enterprise Solutions Corp., et al.*, Case No. 1:15-cv-12297-GAO (D. Mass.). Defendants alternatively request that this Court transfer this Motion to Quash pursuant to Federal Rule of Civil Procedure 45(f) to the District of Massachusetts. For the reasons that follow, the Motion to Quash is **GRANTED IN PART** such that Defendants' Motion to Quash is **TRANSFERRED** to the District of Massachusetts.

# I.

Defendants' Motion to Quash arises from the parties' pending discovery dispute in the District of Massachusetts. (ECF No. 1, at p. 8; ECF No. 5, at p. 132.) The parties filed cross-motions to compel that are currently pending before that Court as to whether (1) Defendants should be compelled to produce their confidential technical information; and (2) Plaintiffs' trade secret disclosure is sufficiently particular. (ECF No. 1, at p. 9.) The District of Massachusetts has not yet issued a ruling on these cross-motions. (*Id.*)

On or about June 5, 2017, Plaintiffs served subpoenas seeking productions of documents from numerous third-parties, including The Ohio State University. (ECF Nos. 1-1, 1-2, 1-3, 1-4.) On or about June 12, 2017, Defendants raised their concerns to Plaintiffs regarding the subpoenas and confidentiality of the documents Plaintiffs' sought to be produced prior to resolution of the cross-motions to compel. (ECF No. 1, at p. 10-11.)

On July 19, 2017, Defendants filed this Motion to Quash to prevent disclosure of its confidential technical information before the District of Massachusetts resolved the parties' cross-motions. (ECF No. 1.) Defendants allege that these subpoenas expressly seek disclosure of confidential technical information that is protected by confidentiality agreements. (ECF No. 1, at p. 10.) Moreover, Defendants assert that Plaintiffs cannot obtain Defendants' confidential technical information through subpoenas until Plaintiffs have first met the threshold of identifying their alleged trade secrets with reasonable particularity—the same argument allegedly raised in Defendants' opposition to Plaintiffs' motion to compel. (*Id.* at p. 13.)

As an alternative to quashing the subpoena, Defendants seek a transfer of the Motion to Quash to the District of Massachusetts. (*Id.* at p. 16.) Defendants request that the subpoena be addressed uniformly with the underlying inquiry and Defendants' emergency motion for a

protective order, which was also filed on July 19, 2017 in the District of Massachusetts. (*Id.*)

Plaintiffs filed their Opposition to Defendants' Motion to Quash Plaintiffs' Subpoena to The Ohio State University on August 9, 2017. (ECF No. 5.) Plaintiffs also filed an Unopposed Motion for Leave to File Exhibit C to Plaintiffs' Opposition to Defendants' Motion to Quash Plaintiffs' Subpoena to The Ohio State University Under Seal. (ECF No. 3.)

Plaintiffs disagree with Defendants' representations of the case background. (ECF No. 5, at p. 134.) In particular, Plaintiffs assert that the District of Massachusetts has not stayed or otherwise limited discovery, as well as that The Ohio State University's contractual obligations do not prevent or restrict its obligation to comply with Plaintiffs' subpoena. (*Id.* at p. 134, 139, 141.) Plaintiffs also disagree with Defendants' assertion that there is a "threshold obligation" to identify their trade secrets with "reasonable particularity" prior to pursuit of third-party discovery. (*Id.* at p. 136.) Plaintiffs' therefore argue that Defendants have improperly interfered with Plaintiffs' third-party subpoenas. (*Id.* at p. 135.) Plaintiffs agree that, in the alternative, the Court should transfer Defendants' Motion to Quash to the District of Massachusetts, where the related emergency motion for a protective order was filed and is still pending. (*Id.* at p. 143).

Plaintiffs have also filed an Unopposed Motion for Leave to file Exhibit C under seal. (ECF No. 3.) Plaintiffs assert that Exhibit C should be filed under seal pursuant to the parties' Joint Amended Protective Order that was filed in the District of Massachusetts. (ECF No. 3, at p. 109; ECF No. 3-1.)

Nonparty The Ohio State University did not timely file a response or opposition to Defendants' Motion to Quash.

**II.**

Federal Rule of Civil Procedure 45 governs third-party subpoenas. Fed. R. Civ. P. 45.

Rule 45(f) permits the transfer of a motion to quash a subpoena "to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f); *see also* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("In the absence of consent, the court may transfer in exceptional circumstances, . . . transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts."). The movant seeking to quash or transfer a subpoena bears the burden. *Hendricks v. Total Quality Logistics*, LLC, 275 F.R.D. 251, 253 (S.D. Ohio 2011); Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("the proponent of transfer bears the burden of showing that such circumstances are present.").

Defendants have met their burden to have this Motion to Quash transferred to the District of Massachusetts. The issues presenting in the subject Motion to Quash are also before the District of Massachusetts on the parties' cross-motions to compel and an emergency motion for a protective order. (ECF No. 1, at p. 9, 16; ECF No. 5, at p. 143.) In addition, similar subpoenas have been served on other third parties in various judicial districts throughout the United States. (ECF No. 1, at p. 16; ECF No. 5, at p. 135.) Finally, both Plaintiffs and Defendants agree that a transfer to the District of Massachusetts to resolve this Motion to Quash is proper. (ECF No. 1, at p. 16; ECF No. 5, at p. 143.)

Importantly, nonparty The Ohio State University has not opposed Defendants' Motion to Quash or the transfer of it to the District of Massachusetts. Accordingly, the typical concerns raised by the nonparty involving transfer of the motion are not present in this case. *Cf.* Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment ("The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the

issuing court is in a superior position to resolve subpoena-related motions."). Thus, given the pendency of the same issues before the District of Massachusetts as are raised in the subject Motion, together with the interests of judicial economy the desirability of consistent rulings, Defendants' Motion to Quash is **TRANSFERRED** to the District of Massachusetts, *Lynx System Developers, Inc., et al. v. Zebra Enterprise Solutions Corp., et al.*, Case No. 1:15-cv-12297-GAO (D. Mass.). *See, e.g.*, *F.T.C. v. v. A± Fin. Ctr.*, LLC, No. 1:13-MC-50, 2013 WL 6388539, *3 (S.D. Ohio Dec. 6, 2013) (finding exceptional circumstances warranting transfer of subpoena-related motions to quash when transferring the matter was in "the interests of judicial economy and avoiding inconsistent results.").

### III.

For the reasons set forth above, Defendants' Motion to Quash Plaintiffs' Subpoena to the Ohio State University and Supporting Memorandum (ECF No. 1) is **GRANTED IN PART**, and the Clerk is **DIRECTED** to **TRANSFER** the pending Motions to the District of Massachusetts: *Lynx System Developers, Inc., et al. v. Zebra Enterprise Solutions Corp., et al.*, Case No. 1:15-cv-12297-GAO (D. Mass.). The Clerk is further **DIRECTED** to terminate the pending motions from this Court's pending motions list and close this case.

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE